**DVL, INC. f/k/a Del-val Financial Corporation, Plaintiff–Appellant,**

v.

**Jeffrey S. MUTNICK, Defendant–Appellee.**

No. 00–7981.

United States Court of Appeals, Second Circuit.

March 9, 2001.

Jonathan M. Herman, Dorsey & Whitney LLP, NY, NY, for appellant.

Robert E. DeRight, Jr., NY, NY, for appellee.

Present WINTER, McLAUGHLIN, POOLER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

DVL, Inc. ("DVL") formerly known as Del–Val Financial Corp. appeals from a judgment entered in the United States District Court for the Southern District of New York (Mukasey, *J.*) that dismissed DVL's complaint against Jeffrey S. Mutnick, finding that it was barred by the applicable statute of limitations.

DVL and several other entities and individuals established and financed over a hundred limited partnerships and sold interests in them to the public. On December 3, 1985, Mutnick purchased a one unit interest in one of these partnerships for $100,000. In connection with the purchase, Mutnick signed an installment promissory note for $93,000. The note provided for nine annual payments beginning on December 31, 1985. It also provided that failure to pay any installment within ten days of the due date would make the entire balance and accrued interest immediately due and payable. Finally, the note contained a choice of law provision favoring the application of New Jersey law.

Mutnick made the payments as scheduled through the 1989 payment. On October 23, 1990, one of the principals in the partnership in which Mutnick had invested notified him that it intended to temporarily suspend distributions. Mutnick demanded an accounting and made no further payments. Mutnick's note was declared in default as of January 10, 1991.

In 1991, various plaintiffs commenced class actions against parties involved in setting up the partnerships. DVL was a named defendant in some of these class actions, all of which were ultimately consolidated in the United States District Court for the District of New Jersey. After the parties reached a settlement agreement, they sent a class action notice (the "Notice") along with a proof of claim and release form (the "Claim") to class members. Mutnick, a lawyer, received these documents from one of his law partners who had invested in the same partnership. On December 4, 1992, Mutnick signed the Claim which acknowledged that he had read the Notice and "desire[d] to participate in the proposed Settlement, described in the Notice."

The Notice informed "class members that the stipulation of settlement ratif[ied] their obligations under the notes," contained a lengthy summary of the stipulation of settlement between the parties, and set out in an appendix provisions that were relevant to notes signed by limited partners such as Mutnick. Those provisions

included: an agreement not to assert any defense against the claims of "Limited Partner Note Secured Parties," which DVL contends it is; confirmation that as of the effective date of the settlement, the note was valid and enforceable; a directive that the class members make payment directly to the Limited Partner Note Secured Party at an address it would specify; and a grace period until October 30, 1992, to cure any default. Should any of the class members fail to cure any defaults on its note by October 30, 1992, the Limited Partner Note Secured Party would "have the right to enforce the Limited Partner Note in accordance with its terms."

On October 30, 1998, DVL instituted a lawsuit against Mutnick in the New York State Supreme Court. Mutnick removed the suit to the United States District Court for the Southern District of New York and later moved for summary judgment based on New Jersey's six year statute of limitations for an action on a promissory note. Mutnick contended that the statute of limitations ran on January 10, 1997, six years after he originally defaulted on the note. DVL cross-moved for summary judgment, arguing that Mutnick restarted the statute of limitations when he signed the Claim on December 4, 1992.

The district court granted Mutnick's motion. It found that under New Jersey law, an acknowledgment of an existing debt would restart the statute of limitations only if it "support[ed] the implication of a promise to pay the full amount due immediately or on demand, whether made before or after the statute of limitations has run." *DVL, Inc. v. Mutnick,* 103 F.Supp.2d 293, 295 (S.D.N.Y.2000) (quoting *Burlington County Country Club v. Midlantic Nat'l Bank S.,* 223 N.J.Super. 227, 538 A.2d 441 (1987)). Because none of the statements in the Notice, Claim, or any documents incorporated by reference

therein fairly supported the implication of such a promise and the fact that Mutnick signed the Claim after the date specified for curing a default fairly rebutted the inference of a new promise, the court held that the statute of limitations barred DVL's claims. We agree and affirm for substantially the reasons stated by the district court.